UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HARRY S. ROLAND,

                     Plaintiff,

                            ORDER
     -against-                      13-CV-4344 (JFB)(AKT)

VINCENT J. LOGIUOLICE, #3403, NASSAU COUNTY
POLICE DEPARTMENT 3RD PRECINCT,

                     Defendants.
-------------------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On July 26, 2013, *pro se* plaintiff Harry S. Roland ("plaintiff") filed an *in forma pauperis* civil rights complaint against Nassau County Police Officer Vincent Logiuolice, #3403, and the Nassau County Police Department 3rd Precinct pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging excessive force and false arrest claims.

Magistrate Judge Tomlinson issued a scheduling order directing the parties to appear for a discovery conference on November 21, 2013. That order was served on plaintiff by regular mail on October 3, 2013. Plaintiff failed to appear. Magistrate Judge Tomlinson rescheduled the conference to December 6, 2013, warning plaintiff that, if he failed to appear, she would consider recommending to the Court that the case be dismissed. That order was served on plaintiff by regular mail on November 22, 2013. Plaintiff again failed to appear. Thereafter, Magistrate Judge Tomlinson scheduled an order to show cause hearing for January 3, 2014, warning plaintiff that, if he failed to appear, she would consider recommending to the Court that the case be dismissed. That order was served on plaintiff by regular mail on December 16, 2013. Because the courthouse was closed due to inclement weather on January 3, 2014, Magistrate Judge Tomlinson rescheduled the hearing to January 23, 2014. That order was served on plaintiff by regular mail on January 7, 2014. Plaintiff failed to appear. During that hearing, Magistrate Judge Tomlinson noted that plaintiff had

not communicated with the Court or defense counsel; none of the regular mail sent to plaintiff had been returned, although certified copies of some orders had been returned; and that neither the certified nor regular mail relating to the rescheduled order to show cause hearing had been returned.

Before the Court is a Report & Recommendation from Magistrate Judge Tomlinson, dated May 30, 2014 (the "R&R"), recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The R&R instructed plaintiff to submit any objection within fourteen days. Plaintiff did not file any objection. For the following reasons, the Court adopts the R&R and dismisses the instant action pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original*

*Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff has repeatedly, over the course of several months, refused to respond to the Court's orders. He did not appear at any scheduling conferences and has failed to communicate with

the Court or with defendants' counsel. Furthermore, plaintiff did not appear at the order to show cause hearing scheduled for January 23, 2014—six months ago—and has not otherwise attempted to prosecute this action since filing it on July 26, 2013. Moreover, over two weeks have passed since plaintiff was advised to file objections to Magistrate Judge Tomlinson's R&R, and plaintiff was advised in the R&R that his failure to file objections would waive the right to appeal the dismissal. Despite that warning, plaintiff filed no objection. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. In addition, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error,[1] the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:    June 23, 2014
          Central Islip, New York

---

[1] Even under *de novo* review, the Court would reach the same conclusion.